UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Sanders,<br><br>  Plaintiff,<br><br>v.<br><br>BNSF Railway Company,<br><br>  Defendant. | Court File No. 17-cv-5106 (ECT/JFD)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPLICATION OF THE STATUTORY MAXIMUM FOR PUNITIVE DAMAGES** |

Defendant BNSF Railway Company ("BNSF" or "Defendant") respectfully submits this memorandum of law in support of its motion for application of the statutory maximum amount set out in 49 U.S.C. §20109(e)(3) to the jury's December 15, 2021 verdict on punitive damages.[1]

## INTRODUCTION

This case arises solely under the Federal Railroad Safety Act ("FRSA") and the FRSA clearly and unequivocably caps punitive damages at $250,000. Because FRSA's statutory language is express and clear, there is no just or proper reason for delay. Indeed, FRSA caselaw supports adjustment of the award at this time and before the Court enters any judgment under Federal Rule of Civil Procedure 54.

---

[1] As set forth in the parties' February 3, 2022 Stipulation, this motion "is made without waiver or prejudice to any argument Defendant raises in post-trial motions, including on grounds that no award of punitive damages was warranted (nor up to the statutory maximum." [ECF 232; s*ee also* 2/3/22 Order ¶4 (ECF 234)].

1

## RELEVANT BACKGROUND

As this Court is aware, this matter was tried to a jury from December 6-15, 2021. [ECF 207.] Plaintiff Donald Sanders ("Plaintiff") alleged violations of the whistleblower provisions of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109. The Court bifurcated the trial, separating the FRSA liability and compensatory damages phase from the punitive damages phase.  By statutory law, punitive damages, if any, cannot exceed $250,000. [49 U.S.C. § 20109(e)(3), ECF 204.] Following initial verdict, the Court proceeded to the punitive damages phase, but declined BNSF's form and request, which would have informed the jury of the statutory cap. [ECF 241, pp. 1329:12 – 1330:3.]

Counsel for both parties delivered their closing arguments on December 14, 2021. The jury began its deliberations on liability and compensatory damages late that afternoon. [ECF 221.] The jury returned its verdict on December 15, 2021 for Phase I, finding in favor of Plaintiff and awarding him $611,797.00 in back pay damages and $250,000 in emotional distress damages. [ECF 225.]  The parties then argued the issue of punitive damages and the jury retreated for Phase II deliberations. That same afternoon, the jury returned a verdict awarding punitive damages of $8,600,000. [ECF 226.]

## LEGAL ANALYSIS

Under the applicable law, punitive damages are capped by statute at $250,000.  49 U.S.C. § 20109(e)(3). Therefore, the punitive damages award must be reduced accordingly.

Given the absence of any rule to the contrary, this adjustment should be made now and prior to the Court's entry of judgment. Regardless of the actual amount awarded by

2

the jury here, the plain and indisputable fact is that Plaintiff is entitled to a judgment of punitive damages in an amount no greater than $250,000. There is no post-trial motion that Plaintiff can make to convince the Court otherwise on this point, and no just reason to require the parties and the Court to expend time and resources on a post-judgment motion to accomplish what amounts to application of clear statutory law.  Indeed, as Rule 54 provides, a judgment includes a decree or order "from which an appeal lies."  FRCP 54.  It would be clear error for the Court to enter judgment in an amount that plainly and unequivocally violates this statutory mandate.

Further, Plaintiff's contemporaneous motion seeking front pay, if any, has a direct bearing on the amount of judgment to be entered; thus, adjusting the punitive damages award to the statutory maximum at the same time promotes efficiency and judicial economy. This is especially true given the exceedingly plain language of the statute, which imposes a directive to trial courts to reduce punitive damages awards in excess of the statutory limit, even where the defendant has not made a formal request. *See, e.g., James v. CSX Transportation, Inc.*, Case No. 4:15-CV-204. (Ga. Dist. Ct. 2016). Declaration of Tracey Holmes Donesky ("Donesky Decl."), Ex. A (attaching copy of 9.16.16 court order applying statutory maximum to punitive damage award before entry of judgment (Dkt. 47); Ex. B (case docket reflecting same &10.6.16 Judgment (Dkt. 57)).

The *James* case is directly on point. *James v. CSX,* No. 4:15-cv-204, 2017 WL 2471828 at *1 (M.D. Ga. Feb. 21, 2017), Donesky Decl., Ex. C.  Like here, *James* is a FRSA case.  There, like here, the Court bifurcated the trial as between phase 1 (liability and compensatory damages) and Phase 2 (punitives).  *Id.*  The jury found in favor of

3

Plaintiff, awarding him compensatory damages of $20,000 and punitive damages of $5,000,000. *Id.* After the verdicts – but before Judgment was entered – the Court issued an Order reducing the 5 million-dollar punitive damage award to $250,000. *See* Donesky Decl. Ex. A, 9.12.16 Order (Dkt. 47) ("Under the applicable law, punitive damages are capped by statute at $250,000.00. Therefore, the punitive damages **must be**, and is hereby, reduced to 250,000.") (emp. added). Judgment was thereafter entered in that amount. *Docket* and 10.6.16 Judgment (Dkt. 57)*,* Ex. B, *James v. CSX,* No. 4:15-cv-204, 2017 WL 2471828 at *1 (M.D. Ga. Feb. 21, 2017). The same result is compelled here.

## CONCLUSION

Based on the foregoing, and now with the benefit of briefing, BNSF respectfully asks the Court to apply the statutory cap at this time and before entering judgment.

Dated:  March 25, 2022                              By: */s/ Tracey Holmes Donesky*
                                                    Tracey Holmes Donesky (MN #302727)
                                                    tracey.donesky@stinson.com
                                                    **STINSON LLP**
                                                    50 South Sixth Street, Suite 2600
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 335-1500

                                                    **ATTORNEYS FOR DEFENDANT**

173424636.1